ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| JUAN RIVERA SIERRA, Recurrida, v. WENCY ANN BAERGA MERCADO, por sí y en representación de DELBA LLC.; **CHANTAL DELGADO BAERGA** y JOHN DOE y la sociedad legal de bienes gananciales, Peticionaria. | KLCE202400823 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón. Civil núm.: BY2023CV01474. Sobre: cobro de dinero y desahucio. |
|---|---|---|
| JUAN RIVERA SIERRA, Recurrida, v. **WENCY ANN BAERGA MERCADO, por sí y en representación de DELBA LLC.;** CHANTAL DELGADO BAERGA y JOHN DOE y la sociedad legal de bienes gananciales, Peticionaria. | KLCE202400856 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón. Civil núm.: BY2023CV01474. Sobre: cobro de dinero y desahucio. |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de septiembre de 2024.

El 19 de agosto de 2024, ordenamos la consolidación de los recursos del título. El primero, el KLCE202400823, fue instado por la señora Chantal Delgado Baerga el 29 de julio de 2024, con el fin de que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 17 de junio de 2024, notificada en esa misma fecha[1].

---

[1] *Véase*, apéndice del recurso KLCE202400823, a las págs. 192-193.

Número identificador

RES2024_____

En el segundo, el KLCE202400856, presentado el 7 de agosto de 2024, por la señora Wency Ann Baerga Mercado, por sí y en representación de Delba, LLC, se impugnó la misma *Resolución* del 17 de junio de 2024.

En síntesis, en ambos recursos, las peticionarias aducen que el foro primario abusó de su discreción al **no** dar por admitidos los sendos requerimientos de admisiones que le fueran cursados a la parte demandante[2], aquí recurrida, señor Juan Rivera Sierra (señor Rivera Sierra). Conforme argumentan las peticionarias, el requerimiento fue contestado transcurrido el término de 20 días[3] que manda la Regla 33 de las de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V. Por tanto, las peticionarias argumentan que los requerimientos se tenían que dar por admitidos automáticamente y que el foro primario carecía de discreción para disponer otra cosa.

Examinados los sendos recursos de *certiorari*, así como la oposición a la expedición del recurso presentada por el señor Rivera Sierra el 29 de agosto de 2024, disponemos.

I

La Regla 52.1 de las de Procedimiento Civil, 4 LPRA Ap. V, dispone las instancias en que este foro intermedio podrá revisar, mediante el recurso discrecional de *certiorari*, las resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia; a decir, cuando se recurra de una resolución u orden al amparo de las Reglas 56 y 57 de Procedimiento Civil, o de la denegatoria de una moción de carácter dispositivo.

Por excepción, la Regla 52.1 también dispone que este Tribunal podrá revisar resoluciones u órdenes interlocutorias cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos

---

[2] El primer requerimiento fue cursado el 11 de abril de 2024, por la señora Wency Ann Baerga; el segundo, el 12 de abril de 2024, por la señora Chantal Delgado Baerga.

[3] El primer requerimiento vencía el 1 de mayo; el segundo, el 2 de mayo de 2024. El señor Rivera Sierra sometió su contestación a los sendos requerimientos el **6 de mayo de 2024**. Valga apuntar que, a esa fecha, el descubrimiento de prueba que se llevaba a cabo en el caso no había culminado; culminaba el **30 de agosto de 2024**. *Véase*, apéndice del recurso, a las págs. 148-149, que constituye copia de la minuta de la conferencia inicial celebrada el 15 de abril de 2024.

esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Ninguno de esos escenarios está planteado en este recurso. Se trata más bien de una controversia relacionada con el descubrimiento de prueba y con el manejo adecuado del caso ante el foro primario.

## II

A la luz de lo antes expuesto, **denegamos la expedición del auto de *certiorari***.

La juez Lebrón Nieves concurre con opinión escrita.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| JUAN RIVERA SIERRA<br><br>Recurrida<br><br>V.<br><br>WENCY ANN BAERGA MERCADO, por sí y en representación de DELBA LLC **CHANTAL DELGADO BAERGA** y JOHN DOE y la sociedad legal de bienes gananciales<br><br>Peticionaria | KLCE202400823 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil núm.: BY2023CV01474<br><br>Sobre: Cobro de Dinero y Desahucio |
|---|---|---|
| JUAN RIVERA SIERRA<br><br>Recurrida<br><br>V.<br><br>**WENCY ANN BAERGA MERCADO, por sí y en representación de DELBA LLC** CHANTAL DELGADO BAERGA y JOHN DOE y la sociedad legal de bienes gananciales<br><br>Peticionaria | KLCE202400856 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil núm.: BY2023CV01474<br><br>Sobre: Cobro de Dinero y Desahucio |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres

**VOTO CONCURENTE DE LA JUEZ LEBRÓN NIEVES**



En San Juan, Puerto Rico, a *17* de septiembre de 2024.

Conforme surge del tracto procesal de los casos consolidados que nos ocupan, la parte peticionaria nos solicita que ejerzamos nuestra función discrecional, expidamos el recurso y revoquemos la *Resolución* emitida y notificada por el Tribunal de Primera Instancia, el 17 de junio de 2024. Mediante el aludido dictamen, el foro *a quo*

declinó la solicitud de la parte peticionaria, a los fines de que diera por admitido el requerimiento de admisiones cursado por esta.

Como sabemos, a partir del 1 de julio de 2010, se realizó un cambio respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia mediante recurso de *certiorari*. A tal fin, la Regla 52.1 de Procedimiento Civil[1], dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. **No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia** cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o **en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.** Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis Nuestro).
> [. . .]

Según se desprende de la Regla antes citada, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si tenemos jurisdicción para atender el recurso



---

[1] 32 LPRA Ap. V, R. 52.1.

presentado. Por ello, en el caso de autos, debemos determinar en primera instancia, si la parte promovente del recurso ha planteado un asunto comprendido en alguna de las excepciones de la Regla 52.1, *supra.*

Como vemos, la parte peticionaria no recurre de una resolución u orden al amparo de una solicitud de remedio provisional, orden de entredicho provisional o en ocasión de una denegatoria a una moción de carácter dispositivo. Tampoco recurre de una orden o resolución interlocutoria sobre la admisibilidad de testigos de hechos o peritos esenciales; privilegios evidenciarios; anotaciones de rebeldía; asuntos de familia, pues la controversia de autos se ventila en salas de lo civil y no en las salas de relaciones de familia; ni nos encontramos ante una situación en la cual esperar a la apelación pudiera constituir un fracaso irremediable de la justicia.

Mediante el recurso de epígrafe, se cuestiona una determinación interlocutoria relacionada exclusivamente al manejo que el foro de primera instancia le está dando al caso de autos y al alcance del descubrimiento de prueba. El ordenamiento procesal vigente no nos confiere autoridad para expedir un recurso de *Certiorari* en circunstancias relacionadas a cómo deben conducirse los procedimientos ante el foro primario.

Por tanto, toda vez que el dictamen recurrido no está comprendido dentro del marco de decisiones interlocutorias revisables al amparo de la Regla 52.1 de Procedimiento Civil de Puerto Rico, *supra*, carecemos de autoridad para revisarlo.

Aún si consideráramos que, el dictamen recurrido es revisable al palio de la Regla 52.1 de Procedimiento Civil, *supra*, lo cierto es que, no supera el rigor de la Regla 40, *supra.* Por lo que, al evaluar el recurso presentado por la parte peticionaria al amparo de los criterios para la expedición del auto de *certiorari* establecidos en la

Regla 40 del Reglamento de este Tribunal, encontramos que el mismo no presenta un asunto que amerite nuestra intervención en esta etapa, razón por la cual consideramos prudente abstenernos de intervenir en su manejo por parte del foro *a quo*. Tampoco existe, al palio del aludido precepto legal, una situación excepcional, por la cual debamos expedir el auto solicitado.

Por los fundamentos previamente esbozados, esta Juez concurre con el curso de acción tomado por la Mayoría del Panel, a los efectos denegar el recurso. Lo anterior, por considerar que no se satisfacen los criterios establecidos en la Regla 52.1 de Procedimiento Civil de Puerto Rico de 2009.

**GLORIA L. LEBRÓN NIEVES**
Juez de Apelaciones